IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                    ORDER

         v.                        06-cr-49-wmc-01

GREGORY SCOTT THOMPSON,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Gregory Scott Thompson's supervised release was held on May 14, 2010, before United States District Judge William M. Conley.  The government appeared by Assistant United States Attorney Meredith P. Duchemin.  Defendant was present in person and by counsel, Richard Coad.  Also present was Assistant Deputy Chief U.S. Probation Officer Paul J. Reed.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 14, 2007, following his conviction for bank fraud in violation of 18 U.S.C. § 1344.  This offense is a Class B felony.  Defendant was sentenced to 27 months' imprisonment followed by five years' supervised release.

Defendant began his term of supervised release on September 12, 2008, in the Northern District of Illinois.  Defendant violated Standard Condition No. 3, requiring him to abstain from the use of illegal drugs, participate in substance abuse treatment, and submit to drug testing, as evidenced by urine specimens he submitted on October 27, 2008, and November 5, 2008, which tested positive for opiates, and his November 24, 2008, admission to using heroin.  Defendant further violated this condition when he failed to report for drug testing on November 14, and 21, 2008, and failed to report for a drug aftercare counseling session on November 24, 2008.

In December 2009, defendant violated Standard Condition No. 1, prohibiting him from leaving the judicial district (the Northern District of Illinois where he was supervised) without permission of the court or probation officer, as evidenced by his arrest in Madison, Wisconsin, on December 30, 2009.  From December 5, 2008, until his arrest on December 30, 2009, defendant repeatedly violated Standard Condition No. 2 which required him to report to the probation officer as directed and submit a truthful and complete written report within the first five days of each month.

Defendant's conduct falls into the category of a Grade C violation.  Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke probation, extend the term of probation, or modify the conditions of probation upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation.  Accordingly, the five-year term of supervised release imposed on defendant on March 14, 2007, will be revoked.

Defendant's criminal history category is VI.  With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of  8 to 14  months.  The statutory maximum imprisonment to which defendant can be sentenced upon revocation is three years.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence nearer the top of the guideline range.  The intent of this sentence is to hold defendant accountable for his violations and to protect the community, but it is also intended to provide him an opportunity to complete the Bureau of Prisons  drug aftercare treatment.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 14, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months and one day.  It is recommended that the defendant be afforded an opportunity to participate in Bureau of Prisons nonresidential drug aftercare treatment program.  I further recommend that the defendant's initial designation be at the Federal Medical Center at Springfield, Missouri, where his medical condition, which includes diabetes, can be treated.  A one-year term of supervised release shall follow imprisonment and all standard and special conditions of supervised release previously imposed shall remain

in effect with the addition of inpatient drug treatment to commence immediately upon release.  Defendant is to be registered with local law enforcement agencies and the state attorney general before release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 14th day of May, 2010.

BY THE COURT:

_____/s/_____
William M. Conley
U.S. District Judge